UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SUNBELT ENVIRONMENTAL SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 6:19-cv-03127-LMC ) ) ) |
| SERAPHIM SOLAR USA MANUFACTURING, INC., STEVE C. OSTRENGA, JARROD R. ERWIN, and RYAN C. ERWIN, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT OSTRENGA'S MOTION TO DISMISS

Defendant Steve C. Ostrenga ("Mr. Ostrenga") files this Memorandum of Law in Support of his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6).

## INTRODUCTION

Mr. Ostrenga's contacts with Missouri are insufficient as a matter of law to subject him to jurisdiction in Missouri. He does not transact business in Missouri. He has never been a party to any Missouri contract. His "relevant" connection to Missouri is that he was briefly an employee of Defendant Seraphim Solar USA Manufacturing, Inc. ("Seraphim"), which allegedly entered into a single contract with Plaintiff, which contract was to be performed outside Missouri, for a product Plaintiff would use outside of Missouri. This insignificant and inconsequential connection - undertaken solely in his official capacity as an employee of Seraphim - in no way amounts to Mr. Ostrenga having purposefully availed himself of Missouri law. Similarly, an isolated connection such as this cannot establish Mr. Ostrenga as having such pervasive contacts

with Missouri that he could reasonably anticipate having to litigate here, in his personal capacity. Therefore, this Court lacks personal jurisdiction over Mr. Ostrenga.

Additionally, Plaintiff fails to state a claim for intentional or negligent misrepresentation against Mr. Ostrenga. Well-settled Missouri precedent establishes that an agent like Mr. Ostrenga cannot be liable for conduct within the scope of his authority as an agent. Plaintiff does not allege Mr. Ostrenga acted outside the scope of his agency. Rather, Plaintiff *admits* Mr. Ostrenga acted on behalf of, and within the scope of his authority as an agent and employee for Seraphim. Therefore, Plaintiff's Petition fails to state a claim against Mr. Ostrenga.

## FACTUAL BACKGROUND

### A. The Parties

Plaintiff is a Missouri corporation with its principal place of business in Springfield, Missouri. (Doc. 1-1 at ¶ 1.) Defendant Seraphim is a Mississippi corporation that manufactures solar panels and is not registered to do business in Missouri. (Doc. 1-1 at ¶ 3.) Mr. Ostrenga was a Seraphim employee from September 2016 until October 2018. (Declaration of Steve C. Ostrenga in Support of Motion to Dismiss, attached hereto as **Exhibit A**, at ¶ 5.)[1] He resides in, and is a citizen of, Wisconsin. (*Id.* at ¶¶ 2–3.)

### B. Mr. Ostrenga Has No Legally Significant Connections with Missouri

Mr. Ostrenga does not have any legally significant connections to the State of Missouri. He does not currently – nor has he ever – resided in Missouri. (*Id.* at ¶¶ 2–4.) Furthermore, Mr. Ostrenga has never: (1) employed any individual in Missouri; (2) owned or leased any real estate in Missouri; (3) maintained a mailing address, post office box, telephone, bank account or

---

[1] Upon a motion to dismiss for lack of personal jurisdiction, courts may consider the pleadings, affidavits submitted by both parties, and other documents submitted by the parties. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991).

safe deposit box in Missouri; (4) owned, possessed or controlled any asset or thing of value present within Missouri; (5) owned an interest in any trust administered in Missouri; (6) performed any duties as a director or officer of any corporation organized under the laws of Missouri or having its principal place of business in Missouri; (7) directed or managed the day-to-day operations of any business in Missouri; (8) been a party to any contract made within Missouri, intended to be perform within the State of Missouri, or having any relation to Missouri of which he is aware; (9) paid taxes in Missouri; or (10) held a license of any kind issued by Missouri. (*Id.* at ¶¶ 7–16.)

### C. The Agreement and Mr. Ostrenga's Role

In 2018, Plaintiff successfully bid on a government contract to install solar panels at US Army Reserve Center locations in Denver and Aurora, Colorado (the "Project"). (Doc. 1-1 at ¶ 10.) The terms of Plaintiff's agreement with the government allegedly required Plaintiff to complete the Project by December 23, 2018. (Doc. 1-1 at ¶ 11.) According to Plaintiff, while waiting to find out if it won the bid, it contacted Seraphim to supply approximately 416 solar panels. (*Id.* at ¶ 12.) Plaintiff and Seraphim were the only parties to the aforementioned agreement. (*Id.* at ¶ 7, 40.)

Mr. Ostrenga, acting as an agent and employee of Seraphim, exchanged calls, emails, and other written correspondence with Plaintiff regarding Seraphim's agreement with Plaintiff. (**Exhibit A** at ¶¶ 5–6, 17.) In his communications with Plaintiff, Mr. Ostrenga discussed Plaintiff's concerns regarding Seraphim's ability to perform its contractual obligations. (*Id*. at ¶ 18.) At all times when speaking to Plaintiff, Mr. Ostrenga was truthful, and he believed all statements he made were true at the time he made them. (*Id.*) Further, Mr. Ostrenga did not know or have reason to know Seraphim allegedly might not perform the contract. (*Id.* at ¶¶ 18–

19.) Mr. Ostrenga did not execute Seraphim's contract with Plaintiff. (*Id.* at ¶ 20.) Mr. Ostrenga was not physically in Missouri during any of his communications with Plaintiff. (*Id.* at ¶ 6.) Mr. Ostrenga did not retain any personal benefit from his communications with Plaintiff. (*Id.* at ¶ 21.)

**D. The Lawsuit**

Plaintiff sued Seraphim, Jarrod Erwin, Ryan Erwin, and Mr. Ostrenga in the Circuit Court of Greene County, Missouri on February 19, 2019. (Doc. 1-1 at 4.) Mr. Ostrenga received service on March 3, 2019. (Doc. 1 at ¶ 3.) On April 1, 2019, Mr. Ostrenga removed[2] this action on the basis of diversity jurisdiction. (Doc. 1.) Plaintiff's Petition alleges Mr. Ostrenga - as an agent of Seraphim - made false representations regarding Seraphim's ability to perform obligations it allegedly owed to Plaintiff. (Doc. 1-1, ¶¶ 8–9, 21, 25, 27, 29–32, 51, 55, 57.) Plaintiff apparently contends Mr. Ostrenga's limited communications, while acting on Seraphim's behalf, are sufficient to subject him to personal jurisdiction in Missouri. (*Id.*)

## ARGUMENT

**I. This Court Lacks Personal Jurisdiction Over Mr. Ostrenga.**

**A. *Standards Applicable to a Motion to Dismiss.***

Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to establish jurisdiction over the defendant. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) ("[T]he party asserting jurisdiction bears the burden of establishing a prima facie case.") (internal citation omitted); *see also ClearPractice, LLC v. Nimble, LLC*, 819 F. Supp. 2d 892, 893 (E.D. Mo. 2011). The burden of proof ***never*** shifts to the defendant. *Viasystems, Inc. v. EBM-Papst*

---

[2] To Mr. Ostrenga's knowledge, as of the date of this pleading, Defendants Jarrod R. Erwin and Ryan C. Erwin had not been served. (Doc. 1 at ¶ 3.)

*St. Georgen GMBH & Co, KG*, 646 F.3d 589, 592 (8th Cir. 2011) (emphasis added). "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch*, 518 F.3d at 585 (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). The evidence plaintiff presents in support of personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting . . . the motion." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011) (internal quotations and citations omitted).

To establish personal jurisdiction, a plaintiff must plead and prove **both** of the following: (1) the Missouri Long-Arm Statute confers jurisdiction; and (2) the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment. *Stevens v. Redwing*, 146 F.3d 538, 543 (8th Cir. 1998); *Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters-Manhattan, Inc.*, 96 F. Supp. 2d 919, 920 (E.D. Mo. 2000); *see also Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000) (*en banc*). If a plaintiff fails to establish either of these elements, the court cannot exert personal jurisdiction over a nonresident defendant. *Id.*; *see also Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909-10 (8th Cir. 2012) (stressing courts should not collapse this dual inquiry into a single due process inquiry); *accord State ex rel. Career Aviation Sales v. Cohen*, 952 S.W.2d 324, 327 (Mo. Ct. App. 1997) (holding that **both** elements are necessary to properly exercise personal jurisdiction). Here, Plaintiff failed to, and cannot, establish either of the required elements.

### B. *Missouri's Long-Arm Statute Does Not Confer Personal Jurisdiction Over Mr. Ostrenga.*

Mr. Ostrenga did not engage in conduct that meets the requirements of the Missouri Long-Arm Statute. In addition, Plaintiff's claims are not based upon the enumerated activities

set forth in the Missouri Long Arm Statute, which forms the basis for personal jurisdiction over a non-resident defendant. *Myers*, 45 F. Supp. 2d at 910.

Pursuant to Mo. Rev. Stat. § 506.500.1, Plaintiff must show that Mr. Ostrenga, a non-resident individual, performed one of the following activities in Missouri:

(1) The transaction of any business within the state;
(2) The making of any contract within the state;
(3) The commission of a tortious act within the state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting;
(6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500.1.

Plaintiff *admits* Mr. Ostrenga is a Wisconsin resident (Doc. 1-1 at ¶ 4), but still vaguely concludes Mr. Ostrenga submitted himself to personal jurisdiction in Missouri. The vague, conclusory, and otherwise contradictory allegations in the Petition appear to assert three bases to argue that Mr. Ostrenga is subject to this Court's jurisdiction. Plaintiff asserts Mr. Ostrenga: (1) transacted business within the state; (2) made a contract within the state; and (3) committed a tortious act within the state. (Doc. 1-1 at ¶¶ 8-9, 21, 25, 27, 29-32, 51, 55, 57). These allegations are incorrect; Mr. Ostrenga did not engage in any of the enumerated activities in Missouri's Long-Arm Statute. Therefore, he is not subject to personal jurisdiction in Missouri.

1. Mr. Ostrenga is ***not*** a party to a contract made in Missouri.

Mr. Ostrenga is not subject to personal jurisdiction in Missouri because he never entered into any contract(s) with Plaintiff, or anyone else, in Missouri. Mr. Ostrenga has never been a party to any contract made within, or having any connection to, Missouri. (**Exhibit A** at ¶¶ 14, 20.) Plaintiff does not actually allege that Mr. Ostrenga personally entered into a contract with

Plaintiff in Missouri. Rather, Plaintiff merely alleges it entered a contract with Seraphim.[3] (Doc. 1-1 at ¶¶ 7, 40.) Mr. Ostrenga was not a principal of Seraphim, and he did not execute the agreement in question on Seraphim's behalf. (**Exhibit A** at ¶¶ 6, 20; Doc. 1-1 at ¶¶ 7, 40.) In fact, Plaintiff repeatedly acknowledges Mr. Ostrenga was merely acting as an agent for Seraphim at all times relevant to this matter. (Doc. 1-1 at ¶¶ 8, 51.) Yet, Plaintiff's Petition inexplicably asserts Mr. Ostrenga is subject to personal jurisdiction because "Defendants entered into a contract within the State of Missouri by virtue of placing telephone calls, sending emails, correspondence, and sending written communications to Sunbelt in the State of Missouri, with the intent to engage in interstate commerce for profit . . . ." (*Id.* at ¶ 9.)

This allegation contradicts the uncontroverted fact that - as Plaintiff itself alleges - at all times relevant to its Petition, Mr. Ostrenga acted as an agent and employee, "within the scope and course of [his] agency and authority for Seraphim." (*Id.* at ¶ 8.) Again, Mr. Ostrenga is *not* a party to the agreement between Plaintiff and Seraphim, or any other contract made in Missouri. (**Exhibit A** at ¶¶ 15, 22; Doc. 1-1 at ¶¶ 7, 40.) Therefore, Mr. Ostrenga is not subject to personal jurisdiction in Missouri.

2. Mr. Ostrenga did not transact business in Missouri.

Mr. Ostrenga also has not transacted business in Missouri as required under the Missouri Long-Arm Statute, and Plaintiff's allegations fail to establish the contrary. The act of "transacting business" is not without limits. *Arnold v. AT & T, Inc.*, 874 F. Supp. 2d 825, 833 (E.D. Mo. 2012). Indeed, "the use of the mail or telephone communications, without more, ***does***

---

[3] It appears this contract was not entered in Missouri either. For jurisdictional purposes, "a contract which has been accepted in Missouri is deemed to have been made in Missouri." *Peabody Holding Co., Inc. v. Costain Group PLC*, 808 F. Supp. 1425, 1433 (E.D. Mo. 1992). The place of contract is the place where the contract is accepted. *Abbey v. Henzel*, 731 F. Supp. 1431, 1434 (E.D. Mo. 1990).

***not*** constitute the transaction of business for the purposes of long arm jurisdiction in Missouri." *Id.* (emphasis added).

For example, in *Scullin Steel*, a Missouri seller and non-resident buyer used the telephone and mail in the course of their dealings, made payments in Missouri, the seller partially performed under the contract in Missouri, and product delivery was made in Missouri. *Scullin Steel v. National Ry. Utilization Corp.*, 676 F.2d 309, 310 (8th Cir. 1982). The Eighth Circuit found these contacts insufficient to find the non-resident buyer "transacted business" for purposes of Missouri's Long-Arm Statute. *Id.* at 312. In its analysis, the court emphasized that all negotiations were conducted outside Missouri, the buyer's personnel never visited Missouri in connection with the agreement, the buyer was not authorized to do business in Missouri, had no office in Missouri, owned no real estate or property in Missouri, and did not have an agent for service in Missouri. *Id.*

Here, similar to *Scullin Steel*, Mr. Ostrenga was never physically in Missouri during any of his conversations with Plaintiff. (**Exhibit A** at ¶ 6.) There is no other evidence - or even any other allegations - to support any allegation that Mr. Ostrenga transacted business, on behalf of Seraphim, in Missouri. Therefore, Mr. Ostrenga's conduct does not fall within the purview of Missouri's Long-Arm Statute.

### 3. Mr. Ostrenga did not commit a tortious act in Missouri.

Mr. Ostrenga has not committed any tortious acts in Missouri. Plaintiff incorrectly relies on alleged representations Mr. Ostrenga made pursuant to his agency and employment with Seraphim. (Doc. 1-1 at ¶¶ 8, 51.) Plaintiff's Petition even specifically avers that when Mr. Ostrenga made the alleged representations giving rise to Plaintiff's intentional or negligent misrepresentation claim, he was "acting as the authorized agent of and or [on] behalf of

8

Defendant[ ] Seraphim . . . and within the scope of his authority for [Seraphim]." (*Id.* at ¶ 51.) As set forth more fully below, Plaintiff does not, nor can it, allege sufficient facts to state any claims against Mr. Ostrenga because he was acting as an agent and employee, on behalf of Seraphim, as opposed to his individual capacity. (*Id.* at ¶¶ 8, 51; **Exhibit A** at ¶¶ 7, 19.) Consequently, such conduct does not support the exercise of personal jurisdiction over Mr. Ostrenga in his individual capacity. *K & G Farms v. Monroe County Service Co.*, 134 S.W.3d 40, 45 (Mo. Ct. App. 2003) ("An agent is not liable for lawful acts done within the scope of his authority for and on behalf of a disclosed principal. The liability, if any, is that of the principal.") (citation omitted).

### C. *Exercising Personal Jurisdiction Over Mr. Ostrenga in Missouri Would Violate Due Process.*

Even if Missouri's Long-Arm Statute permitted exercising personal jurisdiction over Mr. Ostrenga (which it does not), the due process clause of the Fourteenth Amendment also limits when Missouri courts may assert personal jurisdiction over a non-resident defendant. *See Pennoyer v. Neff*, 95 U.S. 714, 733 (1878); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (defendants have a "liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties or relations.'") (internal citations omitted). To subject a non-resident defendant to *in personam* jurisdiction, the defendant must have sufficient "minimum contacts" with the forum state so "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000) (*en banc*). To satisfy due process, a plaintiff must show that the defendant has "purposefully established minimum contacts with the forum State," and that by traditional standards those

contacts make personal jurisdiction reasonable and fair under the circumstances. *Burger King*, 471 U.S. at 476.

> 1. <u>Mr. Ostrenga Does Not Have Sufficient Minimum Contacts With Missouri</u>.

For specific jurisdiction to be proper, the lawsuit must arise out of or be related to a defendant's minimum contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 416 (1984). This nexus is important because it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurances to where the conduct will and will not render them liable to the suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Therefore, critical to the minimum contacts analysis is a showing by the plaintiff that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there," *id.*, because "there is some act by which the defendant purposely avails himself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v Superior Court*, 480 U.S. 102, 109 (1987); *see also Claredi Corp. v. Seebeyond Technology Corp.*, Case No. 4:04-CV-1304 RWS, 2005 WL 2563184, at *3 (E.D. Mo. Oct 11, 2005).

The principal inquiry "is whether the defendant's activities manifested an intent to submit to the power of the sovereign." *McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011). Jurisdiction is only proper where the contacts proximately result from actions by the defendant that create a substantial connection with the state. *Burger King*, 471 U.S. at 475. To satisfy due process, a defendant's contacts with the forum must be more than "attenuated," "random or fortuitous." *Id.* Indeed, the "unilateral activity of those who claim some relationship

with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

When judging the sufficiency of a defendant's alleged minimum contacts, "the court properly focuses on the relationship among the defendant, the forum and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984). The Eighth Circuit considers the following five factors: (1) the nature and quality of the contacts; (2) the quantity of the contacts; (3) the relationship of the cause of action to those contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003). The first three factors are the most important to a court's jurisdictional analysis. *Id.*

As demonstrated above, Mr. Ostrenga does not have sufficient minimum contacts with Missouri to subject him to personal jurisdiction in this state. Mr. Ostrenga is a Wisconsin resident. (**Exhibit A** at ¶ 3.) He does not now, nor has he ever, resided in Missouri. (*Id.* at ¶¶ 2–4.) In fact, Mr. Ostrenga's only relevant contacts with Missouri were through telephone calls, emails, and written correspondence he had with Plaintiff, on behalf of Seraphim. (*Id.* at ¶¶ 5–6, 17.) Again, Plaintiff admits Mr. Ostrenga only communicated with Plaintiff in his capacity as an agent and employee of Seraphim. (Doc. 1-1 at ¶¶ 8, 51.)

Further, as stated above, Mr. Ostrenga has never: (1) employed any individual in Missouri; (2) owned or leased any real estate in Missouri; (3) maintained a mailing address, post office box, telephone, bank account or safe deposit box in Missouri; (4) owned, possessed or controlled any asset or thing of value present within Missouri; (5) owned an interest in any trust administered in Missouri; (6) performed any duties as a director or officer of any corporation organized under the laws of Missouri or having its principal place of business in Missouri; (7)

directed or managed the day-to-day operations of any business in Missouri; (8) been a party to any contract made within Missouri, intended to be perform within the State of Missouri, or having any relation to Missouri of which he is aware; (9) paid taxes in Missouri; or (10) held a license of any kind issued by Missouri. (**Exhibit A** at ¶¶ 7–16.)

Having spoken with Plaintiff on the phone or via email over a short period of time regarding a single contract simply does not meet any of the *Pecoraro* factors; consequently, subjecting Mr. Ostrenga to personal jurisdiction in Missouri would violate due process. *Accord, Arnold v. AT & T, Inc.*, 874 F. Supp. 2d 825, 833 (E.D. Mo. 2012) (citing *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) ("Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.")). Therefore, this Court should dismiss Plaintiff's claim against Mr. Ostrenga because this Court cannot exercise personal jurisdiction over Mr. Ostrenga.

## II. Plaintiff's Complaint Fails to State a Claim Against Mr. Ostrenga.

Even if this Court had jurisdiction over Mr. Ostrenga – which it does not – this Court should still dismiss Plaintiff's claim against Mr. Ostrenga because he cannot be liable for conduct falling within the scope of his agency relationship with Seraphim. Generally, agents like Mr. Ostrenga are not liable for lawful acts performed within the scope of their authority for a disclosed principal. *See K & G Farms*, 134 S.W.3d at 45 (citation omitted); *see, e.g.*, *Town & Country Appraisals, LLC v. Hart*, 244 S.W.3d 187, 189 (Mo. Ct. App. 2007) (affirming trial court decision granting agent's motion to dismiss claims); *Holloway v. Hartford Life & Accident Ins. Co.*, No. 10-4002-CV-S-ODS, 2010 WL 501173, at *1 (W.D. Mo. Feb. 9, 2010) (dismissing claims against based on lawful acts within the scope of its agency relationship).

In *Hart*, the court of appeals affirmed the trial court's dismissal of claims against an agent because those claims arose out of actions taken in the agent's representative capacity. *Hart*, 244 S.W.3d at 189. Further supporting its decision, the court explained the trial court properly dismissed plaintiff's claims because the agent "did not undertake any personal obligations or retain any benefit, personally . . . ." *Id.* Consistent with *Hart*, the district court in *Halloway* dismissed plaintiff's claims because plaintiff knew the defendant was acting as an authorized agent, on behalf of its disclosed principal; more importantly, plaintiff failed to allege any facts to support the inference defendant acted illegally or in excess of its authority as an agent. *Halloway*, 2010 WL 501173, at *1.

Here, Plaintiff's claims against Mr. Ostrenga fail because Mr. Ostrenga cannot be liable for his conduct within the course and scope of his employment and agency relationship with Seraphim. Plaintiff does not dispute the existence of an agency relationship between Mr. Ostrenga and Seraphim. Instead, Plaintiff actually concedes that point, alleging that at all times relevant to its Petition, Mr. Ostrenga acted as an agent and employee, "within the scope and course of [his] agency and authority for Seraphim." (Doc. 1-1 at ¶ 8.) Again, Plaintiff specifically alleges Mr. Ostrenga made the representations giving rise to its intentional or negligent misrepresentation claim while "acting as the authorized agent of and or [on] behalf of Defendant[] Seraphim . . . and within the scope of his authority for [Seraphim]." (*Id.* at ¶ 51.)

Therefore, as in *Hart*, this Court should dismiss Plaintiff's claims against Mr. Ostrenga because Plaintiff's claim arises out of Mr. Ostrenga's actions as an agent and employee of Seraphim. Moreover, Mr. Ostrenga did not retain any personal benefit from his interactions with Plaintiff. (**Exhibit A** at ¶ 21.) Plaintiff does not, nor can it, allege any facts from which this

Court might infer Mr. Ostrenga's actions were illegal or in excess of his authority as Seraphim's agent. (*Id.* at ¶¶ 5–6, 17–19.)

Additionally, Mr. Ostrenga believed his alleged representations to Plaintiff were true at the time he made them. (*Id.* at ¶ 18.) Mr. Ostrenga believed Seraphim intended, and would be able, to perform its contractual obligations to Plaintiff. (*Id.* at ¶¶ 18–19) Seraphim's alleged subsequent failure to perform does not subject Mr. Ostrenga to personal liability for alleged fraudulent concealment. In that context, Missouri precedent provides that only "a promise [to perform in the future] accompanied by the present intent not to perform . . . will support an action for fraud." *Grossoehme v. Cordell*, 904 S.W.2d 392, 396 (Mo. Ct. App. 1995) (emphasis added) (internal citations omitted). Plaintiff does not allege (nor could it allege in compliance with Rule 11(b)), that Mr. Ostrenga made the alleged representations with knowledge that Seraphim did not intend to perform the contractual obligations it allegedly owed to Plaintiff. (**Exhibit A** at ¶¶ 18–19.) Therefore, Plaintiff's Petition should be dismissed because Plaintiff's Petition fails to state any claims against Mr. Ostrenga.

## CONCLUSION

Mr. Ostrenga has not subjected himself to personal jurisdiction in Missouri, and Plaintiff also fails to state a claim against Mr. Ostrenga. For these reasons, this Court should dismiss Plaintiff's claim against Mr. Ostrenga.

Dated: April 30, 2019 Respectfully submitted,

                GREENSFELDER, HEMKER & GALE, P.C.

      By: */s/ Ronnie L. White II*
           Ronnie L. White II, #67165
           rwhite@greensfelder.com
           Daniel R. Garner, #60677 (*pro hac admission pending*)
           drg@greensfelder.com
           10 South Broadway, Suite 2000
           St. Louis, Missouri 63102
           Telephone: (314) 241-9090
           Fax: (314) 241-8624

      ***Attorneys for Defendant Steve C. Ostrenga***

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2019, a true and correct copy of the foregoing document was electronically filed and served via the CM/ECF System to all parties of record and served via U.S. Mail to:

| | |
|---|---|
| John E. Price<br>Carnahan, Evans Cantwell & Brown, P.C.<br>2805 S. Ingram Mill Road<br>P.O. Box 10009<br>Springfield, Missouri 65804<br>jprice@cecb.com<br><br>*Attorney for Plaintiff* | Defendant Seraphim Solar USA Manufacturing, Inc.<br>SERVE: Corporation Service Company, Reg. Agent<br>506 S. President Street<br>Jackson, MS 39201 |
| Defendant Jarrod R. Erwin<br>5431 Caspian Falls Lane<br>Fulshear, TX 77441-2133 | Defendant Ryan C. Erwin<br>19323 Shady Blossom Drive<br>Cypress, TX 77433 |

                */s/ Ronnie L. White II*

1792790